JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL RYAN BAROUS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ARIEL Z. EMANUEL,<br><br>　　　　Defendant. | Case No. 2:25-cv-01173-FLA (DFMx)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS COMPLAINT WITHOUT LEAVE TO AMEND AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AS MOOT [DKTS. 23, 24]** |

## **RULING**

Before the court is Defendant Ariel Z. Emanuel's ("Defendant") Motion to Dismiss ("Motion"). Dkt. 23. Plaintiff Paul Ryan Barous ("Plaintiff") opposes the Motion ("Opposition"). Dkt. 36. Plaintiff also filed a "Notice of Corrections," Dkt. 32, to his Complaint, Dkt. 1, on March 31, 2025.[1] The Notice of Corrections alleges the same factual issues and pleads the same causes of action as in the Complaint but was not docketed as an amended complaint.[2]

For the reasons stated herein, the court GRANTS Defendant's Motion and DISMISSES Plaintiff's Complaint without leave to amend. Plaintiff's Motion for Summary Judgment, Dkt. 24, is DENIED as moot.

## **BACKGROUND**[3]

On February 10, 2025, Plaintiff Paul Ryan Barous ("Plaintiff"), in *pro se*, filed a Complaint against Defendant Ariel Z. Emanuel ("Defendant"). Dkt. 1 ("Compl."). The precise factual basis for Plaintiff's claims is unclear as the Complaint and Notice of Corrections include a significant number of factual allegations and statements that appear to provide background context only, concern matters that are unrelated to Plaintiff, and are irrelevant to the putative claims asserted. As best as can be determined, Plaintiff alleges Defendant: defamed Plaintiff for 25 years; administered via third parties a three-chemical mix called a "trifecta" that "destroys memory, concentration[,] and more;" attempted premeditated murder and intellectual property

---

[1] The Notice of Corrections was seemingly filed in response to a Notice of Filer Deficiencies, Dkt. 22, regarding Plaintiff's (now-stricken) Request for Injunction, Dkt. 13.

[2] The court refers to both documents throughout this Order, and the court's analysis and ruling remain unchanged regardless of which filing is treated as the operative complaint.

[3] The court cites documents by the page numbers added by the court's CM/ECF system, rather than page numbers listed on documents natively.

theft; committed life insurance fraud;[4] and conspired with the FBI and CIA to lose business profits of $6.5 billion. Compl. at 3–5; Notice of Corrections at 3–7. Plaintiff seeks $1.3 billion and "a fight in the ring (UFC/TKO now)," as well as injunctive relief to "stop any 'extreme targeting' from starting up again." Compl. at 4–5. Plaintiff's causes of action are brought under 18 U.S.C. § 241 ("Conspiracy Against Rights") and 18 U.S.C. § 1958 ("Attempted Murder for Hire"). *Id*. at 3.

Defendant filed the Motion on March 26, 2025, arguing for dismissal under Fed. R. Civ. P. 12(b)(6). Motion at 4. Plaintiff filed his opposition to the Motion ("Opposition") on May 10, 2025, arguing that his claims are "[v]ery cognizable" and that he "alleged with sufficient facts to support a cognizable legal theory." Dkt. 36 at 8. Plaintiff did not request leave to amend the Complaint in his Opposition. Defendant filed a reply in support of the Motion on May 2, 2025, Dkt. 42.

## **LEGAL STANDARD**

Defendant's Motion implicates three general pleading requirements. First, the complaint must be concise and intelligible. It must "contain a short and plain statement of the claim," Fed. R. Civ. P. 8(a)(2), and "[e]ach allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1). In addition, "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Dismissal is appropriate when "the complaint is so 'verbose, confused and redundant that its true substance, if any, is well disguised.'" *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969) (quoting *Corcoran v. Yorty*, 347 F.2d 222, 223 (9th Cir. 1965)); *see also Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they

---

[4] While the Complaint and Notice of Corrections are largely similar, the Notice of Corrections provides more information on the purported life insurance fraud. Plaintiff claims he obtained a life insurance policy through Lloyd's of London that would provide Plaintiff a payout of $1 billion if Plaintiff lived. Notice of Corrections at 4.

1  are forced to select the relevant material from a mass of verbiage.") (cleaned up).

2  Second, under Fed. R. Civ. P. 12(b)(6), a party may file a motion to dismiss a
3  complaint for "failure to state a claim upon which relief can be granted." The purpose
4  of Rule 12(b)(6) is to enable defendants to challenge the legal sufficiency of claims
5  asserted in a complaint. *Rutman Wine Co. v. E. & J. Gallo Winery*, 829 F.2d 729, 738
6  (9th Cir. 1987). A district court properly dismisses a claim under Rule 12(b)(6) if the
7  complaint fails to allege sufficient facts "to support a cognizable legal theory." *Caltex
8  Plastics, Inc. v. Lockheed Martin Corp.*, 824 F.3d 1156, 1159 (9th Cir. 2016).

9  "To survive a motion to dismiss, a complaint must contain sufficient factual
10 matter … to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*,
11 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570
12 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it
13 asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.*
14 "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need
15 detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his
16 'entitlement to relief' requires more than labels and conclusions, and a formulaic
17 recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555
18 (internal citations omitted).

19 "Factual allegations must be enough to raise a right to relief above the
20 speculative level." *Id.* (internal citations omitted). "Determining whether a complaint
21 states a plausible claim for relief is 'a context-specific task that requires the reviewing
22 court to draw on its judicial experience and common sense.'" *Ebner v. Fresh, Inc.*,
23 838 F.3d 958, 963 (9th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 679). When evaluating
24 a complaint under Rule 12(b)(6), the court "must accept all well-pleaded material
25 facts as true and draw all reasonable inferences in favor of the plaintiff." *Caltex*, 824
26 F.3d at 1159; *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th
27 Cir. 2008) ("We accept factual allegations in the complaint as true and construe the
28 pleadings in the light most favorable to the nonmoving party."). Legal conclusions,

4

however, "are not entitled to the assumption of truth" and "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

Third, *pro se* litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). Leave to amend must be granted if it appears the plaintiff can correct the defects in the complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000). If a claim or complaint cannot be saved by amendment, dismissal without leave to amend is appropriate. *Sylvia Landfield Tr. v. City of Los Angeles*, 729 F.3d 1189, 1196 (9th Cir. 2013); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) (futility of amendment may require a district court to deny leave to amend).

While Defendant did not request leave to amend his Complaint, it is worth noting that federal courts balance five factors when considering a motion to amend: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) the futility of the amendment; and (5) whether the plaintiff has previously amended his complaint. *Desertrain v. City of Los Angeles*, 754 F.3d 1147, 1154 (9th Cir. 2014). "Futility alone can justify the denial of a motion for leave to amend." *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004) (citing *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). Futility arises when "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense[,]" *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (citation and internal quotation omitted), or where the amended complaint would be subject to dismissal. *Platt Elec. Supply, Inc. v. EOFF Elec., Inc.*, 522 F.3d 1049, 1060 (9th Cir. 2008).

## ANALYSIS

### A. Plaintiff's Complaint

Plaintiff's Complaint lacks legal sufficiency, is confusing and incomprehensible, and contains implausible facts. First, at the most basic level, it fails Rule 8(a)(2)'s requirement of "short and plain statement[s] of the claim," and Rule 8(d)(1)'s mandate of stating "claims and defenses in numbered paragraphs, each

1  limited as far as practicable to a single set of circumstances."

2  Second, Plaintiff has no legally sufficient claims. Plaintiff lists as causes of
3  action 18 U.S.C. §§ 241 and 1958. Compl. at 3. "Title 18 of the United States Code
4  is a federal criminal statute which does not create civil liability or a private right of
5  action." *Nesbit v. Sunrise Restaurants*, Case No. 2:23-cv-02822-SVW (MAAx), 2023
6  WL 6381353, at *1 (C.D. Cal. Sept. 29, 2023) (citation omitted). Even if Plaintiff
7  were to claim a cause of action theoretically connected to the alleged facts—for
8  instance, a claim of battery for the administration of a chemical compound on Plaintiff
9  by Defendant—the facts are so fantastical that the Complaint does not meet the basic
10 requirement of "common sense." *Ebner*, 838 F.3d at 963 (citation and internal
11 quotation omitted). If Plaintiff's Complaint contains any "true substance," it is so
12 "confused and redundant" that it is "well disguised." *Gillibeau*, 417 F.2d at 431.

13 Third, the Complaint is confusing, incomprehensible, and alleges implausible
14 facts. The factual allegations are extremely difficult to follow or understand . The
15 Complaint jumps from one accusation to another, claiming Defendant: inflicted
16 premeditated "extreme destructive defamation;" battered Plaintiff with a secret
17 chemical compound; committed life insurance fraud that "is the underlining element
18 the whole time" and which Plaintiff was "too nice" to bring up earlier; infringed
19 Plaintiff's patent; coerced a magistrate judge to falsify evidence and then intimidated
20 the Ninth Circuit into never ruling against Defendant; avoided paying a wage or
21 judgment—it is unclear which applies— that Plaintiff was entitled to a decade ago;
22 and conspired with the FBI and CIA to cover up losses of "at minimum" $6.5 billion.
23 Complaint at 4–5.

24 **B. Dismissal Without Leave to Amend**

25 As a general matter, *pro se* litigants' pleadings are to be liberally construed and
26 all doubts should be resolved in their favor. *Hebbe*, 627 F.3d at 342. While leave to
27 amend is normally granted if a plaintiff can correct the defects of the complaint,
28 *Lopez*, 203 F.3d at 1130, such leave is inappropriate when no amendment can save the

action, *Sylvia Landfield Tr.*, 729 F.3d at 1196. Leave to amend is unwarranted here as no amendment can save the Complaint. The factual allegations are not only implausible, but also lack coherence or consistency, to the point that dismissal without leave to amend is appropriate.

      Plaintiff has filed similar claims against Defendant in the past. Plaintiff filed effectively the same suit in 2018 against Defendant, alleging Defendant colluded with the actresses Olivia Munn and Lisa Harrison to defraud Plaintiff, defame him, hide financial losses, and infringe on a patent. *Barous v. Emanuel*, Case No. 2:18-cv-10261-DSF (DFMx) Dkt. 1 at 4–5. Allowing leave to amend, thus, would unduly prejudice Defendant, who must complete the difficult task of wading through a myriad of implausible, redundant, and haphazard allegations each time Plaintiff brings this lawsuit. *See Escalante v. Barret/Grider Settlement Plan Adm'r*, Case No. 3:18-cv-00370-MMD-CBC, 2019 WL 177475, at *6 (D. Nev. Jan. 11, 2019) ("Granting [p]laintiff leave to amend her Complaint here would both be futile and result in undue prejudice to the many opposing parties she attempted to sue, who would be left with the difficult task of defending against fantastic and delusional claims."). While the general principle of freedom to amend is important—particularly for *pro se* litigants who lack legal training to plead adequately nuanced legal issues—allowing amendment would subject Defendant to further harassment and be futile.

/ / /

/ / /

/ / /

**CONCLUSION**

The court, having considered Defendant's Motion, and finding good cause therefor, hereby ORDERS as follows:

1. Defendant's Motion, Dkt. 23, is GRANTED without leave to amend;
2. The action is DISMISSED with prejudice; and
3. Plaintiff's Motion for Summary Judgment, Dkt. 24, is DENIED as moot.

IT IS SO ORDERED.

Dated: May 29, 2025

_____
FERNANDO L. AENLLE-ROCHA
United States District Judge